Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 1 of 48

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

DANIELLE M. HUGHES A/K/A DANIELLE SEILER
331 Allenhurst Road
Amherst, NY 14226

                        Plaintiff/Claimant,


          -vs-                                              **SUMMONS**


TOWN OF AMHERST
5583 Main St
Williamsville, NY 14221

TOWN OF AMHERST POLICE DEPARTMENT
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER/DETECTIVE EDWIN C. BAILEY
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER SCOTT MINERVINI
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER MICHAEL TIMBLIN
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER BILLICA
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER DINOTO
in their  individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY  14228

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
TOWN OF AMHERST and/or TOWN OF AMHERST POLICE
DEPARTMENT in their  individual
and official capacity

                    Defendants/Respondents.

———————————————————————————

**TO THE ABOVE-NAMED DEFENDANTS:**

          **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the

plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

          If this Summons is served upon you within the State of New York by personal

service you must respond within TWENTY (20) days after service, not counting the day of

service.  If this Summons is not personally delivered to you within the State of New York you

must respond within THIRTY (30) days after service is completed, as provided by law.

          If you do not respond to the attached Complaint within the applicable time

limitation stated above a Judgment will be entered against you, by default, for the relief

demanded in the Complaint, without further notice to you.

Plaintiff designates Erie County as the place of trial. The basis of venue is

plaintiff's residence.

DATED:          September 12, 2023
                Hamburg, New York

                                    SHAW & SHAW, P.C.


                                    _____
                                    Blake Zaccagnino
                                    Attorneys for Plaintiff
                                    4819 South Park Avenue
                                    Hamburg, New York  14075
                                    (716) 648-3020 Telephone
                                    (716) 648-3730 Fax

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
_____

DANIELLE M. HUGHES A/K/A DANIELLE SEILER
331 Allenhurst Road
Amherst, NY 14226

                Plaintiff,

      -vs-                              **COMPLAINT**

TOWN OF AMHERST
5583 Main St
Williamsville, NY 14221

TOWN OF AMHERST POLICE DEPARTMENT
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER/DETECTIVE EDWIN C. BAILEY
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER SCOTT MINERVINI
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER MICHAEL TIMBLIN
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER BILLICA
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

POLICE OFFICER DINOTO
in their individual
and official capacity
500 John James Audubon Pkwy
Amherst, NY 14228

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
TOWN OF AMHERST and/or TOWN OF AMHERST POLICE
DEPARTMENT in their individual
and official capacity

Defendants.

_____

      Plaintiff, by her undersigned counsel, alleges, upon personal knowledge, and upon information and belief as to all other matters, as follows:

      1.     This is an action to redress the deprivation by the defendants of the rights secured to Plaintiff by the United States Constitution, New York State Constitution, and federal and state statute.

<strong><u>THE PARTIES</u></strong>

      2.     By virtue of the application of one or more of the exemptions listed in Section 1602 of Article 16 of the CPLR, the limitations and liability imposed by that Article do not apply to the cause or causes of action set forth herein.

      3.     Plaintiff at all times hereinafter mentioned, was and continues to be, a resident of the County of Erie, and the State of New York.

4.     Defendant TOWN OF AMHERST was at all times hereinafter mentioned is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York with offices for the conduct of its business located in the TOWN OF AMHERST, County of Erie and State of New York.

5.     Upon information and belief, and at all times hereinafter mentioned, Defendant TOWN OF AMHERST POLICE DEPARTMENT was a division, entity, department, subsidiary and/or agent of defendant TOWN OF AMHERST, and is governed by the TOWN OF AMHERST and the laws of the State of New York.

6.     Upon information and belief, at all times hereinafter mentioned, and specifically on January 20, 2023, defendant POLICE OFFICER/DETECTIVE EDWIN C. BAILEY is and was a resident of the Town of Amherst, State of New York, and was an employee of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in the course and scope of his duties as a police officer on the date and at the time of the within incident.

7.     Upon information and belief, at all times hereinafter mentioned, and specifically on January 20, 2023, defendant POLICE OFFICER SCOTT MINERVINI is and was a resident of the Town of Amherst, State of New York, and was an employee of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in the course and scope of his duties as a police officer on the date and at the time of the within incident.

8.     Upon information and belief, at all times hereinafter mentioned, and specifically on January 20, 2023, defendant POLICE OFFICER MICHAEL TIMBLIN is and was a resident of the Town of Amherst, State of New York, and was an employee of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in the course and scope of his duties as a police officer on the date and at the time of the within incident.

9.      Upon information and belief, at all times hereinafter mentioned, and specifically on January 20, 2023, defendant POLICE OFFICER BILLICA is and was a resident of the Town of Amherst, State of New York, and was an employee of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in the course and scope of his duties as a police officer on the date and at the time of the within incident.

10.      Upon information and belief, at all times hereinafter mentioned, and specifically on January 20, 2023, defendant POLICE OFFICER DINOTO is and was a resident of the Town of Amherst, State of New York, and was an employee of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in the course and scope of his duties as a police officer on the date and at the time of the within incident.

11.      Upon information and belief, at all times hereinafter mentioned, and specifically on January 20, 2023, defendants JOHN DOES 1-10 is and are residents of the Town of Amherst, State of New York, and were employees of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in the course and scope of their duties as a police officers on the date and at the time of the within incident. The defendant police officers are hereinafter referred to as officers/employees.

## CONDITIONS PRECEDENT

12.      That on or about April 19, 2023, and within the time prescribed by law, the plaintiff caused the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT to be personally served with a Notice of Claim pursuant to the Laws of the State of New York relating to the allegations of the Complaint herein. Same was in accordance with Section 50-e of New York General Municipal Law, setting forth the name and post-office address of said Plaintiff and her attorneys, the nature of the claim, the time when, the place where and the manner in which

the claim arose, and the items of damage or injuries claimed to have been sustained so far as then practicable.

13.     The Notice of Claim was  served on the above mentioned  defendants within  90 days after the accrual of the respective causes of action.

14.     On or about July 12, 2023, the above mentioned defendants conducted a hearing in this matter and obtained the sworn testimony of Plaintiff pursuant to Section 50-h of New York General Municipal Law.

15.     That more than 30 days have passed since the service of the Notice of Claim herein, and that  the adjustment or payment of the claim has been neglected or refused,  and the above mentioned defendants have failed, declined, or otherwise refused to pay the claim herein.

16.     That the plaintiff has otherwise exhausted any and all administrative remedies relating to the action herein.

17.     This action has been commenced within 1 year and 90 days after the causes of action herein accrued.  The Plaintiff has complied with all the conditions precedent set forth in New York General Municipal Law to the bringing of this action against Defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT

18.     At the time and place aforesaid, the defendants were in the course of their employment.

### FACTUAL BACKGROUND:

19.     This claim is for personal injuries and other damages sustained by Plaintiff as a result of the acts of assault, harassment, battery, excessive force, unlawful imprisonment, negligent hiring, negligent  training,  negligent retention, failure and delay in providing medical treatment, general negligence, vicarious liability and violations of the Federal

Civil Rights Law, The United States Constitution, The New York State Constitution and the Amendments thereof.

20.     The Plaintiff's injuries were sustained on account of the defendants' intentional acts of assault, harassment, battery, excessive force, unlawful imprisonment, negligent hiring, negligent training, negligent retention, failure and or delay to provide the Plaintiff with adequate medical care, vicarious liability and violations of the Federal Civil Rights Law, The United States Constitution, The New York State Constitution and the Amendments thereof.

21.     The facts and circumstances of the claim are as follows: That on January 20, 2023, at approximately or at some time prior to 12:28 pm, Claimant was contacted via cell phone by her ex-husband, Joseph Hughes, who requested that she appear at and/or near 248 Princeton Avenue and Niagara Falls Boulevard, Amherst, New York ("the Location") to take possession of her vehicle, a Silver 2022 Toyota 4Runner ("the Vehicle" or "her Vehicle").

22.     That upon information and belief, Joseph Hughes had been pulled over and detained by the Amherst Police while operating Claimant's vehicle and was advised by the Amherst Police that Claimants vehicle may be towed, causing Claimant to incur potential expense and hardship. As a result of this information, Claimant left her home and rushed on foot to the Location to obtain her Vehicle.

23.     Upon arrival, Claimant witnessed POLICE OFFICER/DETECTIVE EDWIN C. BAILEY of the Amherst Police Department ("Bailey") verbally accosting Joseph Hughes, who was already in handcuffs and restrained. As Claimant approached, she asked Joseph Hughes and/or the officers/detectives on the scene whether she could obtain possession of her Vehicle. Joseph Hughes began to respond to Claimant but was again verbally accosted by POLICE OFFICER/DETECTIVE EDWIN C. BAILEY, who repeatedly yelled at Joseph Hughes in close

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 10 of 48

proximity to his face to "Shut the Fuck Up" along with other verbal demands and threats.

24. By this point, Claimant was standing next to POLICE OFFICER/DETECTIVE EDWIN C. BAILEY and Claimant asked him whether the verbal assault of her ex-husband was "necessary." POLICE OFFICER/DETECTIVE EDWIN C. BAILEY responded by placing his hands on Claimant and throwing her and/or pushing her back approximately ten (10) feet, at which point Claimant fell to the ground.

25. Upon impact with the ground, Claimant's body, including but not limited to her hands and wrists, impacted the ground causing injuries to Claimant. She was attempting to brace her fall with her hands backwards. During the assault, Claimant's personal possessions from her purse were scattered throughout the immediate area.

26. While still on the ground, Claimant witnessed POLICE OFFICER/DETECTIVE EDWIN C. BAILEY approach her quickly and aggressively as if he intended to continue assaulting her. He was charging at her. Claimant witnessed POLICE OFFICER/DETECTIVE EDWIN C. BAILEY standing over her in an imposing stance as if to invite her to stand up, physically implying that he was interested in a fight and thereby encouraging her to resist his attacks.

27. Claimant attempted to stand and regain her balance, making physical contact with POLICE OFFICER/DETECTIVE EDWIN C. BAILEY in the process, but was again taken to the ground by POLICE OFFICER/DETECTIVE EDWIN C. BAILEY, causing injury to Claimant. At this point POLICE OFFICER SCOTT MINERVINI of the Town of Amherst Police Department ("Minervini") and POLICE OFFICER/DETECTIVE EDWIN C. BAILEY forcibly restrained Claimant while Claimant attempted to defend herself, as Claimant was understandably in fear of being assaulted and of the use of excessive force against her.

28.     Upon information and belief, POLICE OFFICER/DETECTIVE EDWIN C. BAILEY twisted, forcibly moved, and applied pressure to Claimant's arms, hands and wrist during the application of handcuffs, causing injury to Claimant. Upon information and belief, POLICE OFFICER SCOTT MINERVINI also twisted, forcibly moved, and applied pressure to Claimant's arms, hands and wrist during the application of handcuffs, causing injury to Claimant.

29.     Said handcuffs were improperly applied including but not limited to being applied "sideways" such that the cuffs were crushing Claimant's wrists and more tightly than was reasonably necessary to accomplish their intended purpose of restraining Claimant, causing injury to Claimant. Claimant was roughly placed in the back of a Town of Amherst Police vehicle while cuffed with the improperly applied handcuffs still on her back causing further injury to Claimant. At this point, POLICE OFFICER/DETECTIVE EDWIN C. BAILEY continued to harass, threaten and intimidate Claimant, including but not limited to by opening the door of the Town of Amherst Police vehicle and threatening to enter the back seat with her for purposes of intimidation and possible further assault.

30.     Claimant was placed under arrest and charged with Obstruction of Governmental Administration in the 2nd degree, as codified by Penal Law 195.05. Claimant was placed in a Town of Amherst police vehicle. At that time, POLICE OFFICER/DETECTIVE EDWIN C. BAILEY acted as if he was going to reach in and forcibly pull the Claimant across the vehicle, causing her fear of physical harm. Claimant was then transported to the precinct for fingerprinting and processing. When they arrived at the precinct, the Claimant sat in the police vehicle for an extended period of time. She was in pain and her injuries were not being treated. Upon fingerprinting, Claimant complained to the employees of the Town of Amherst processing her

fingerprints that she was in severe pain in her left wrist and Claimant requested medical attention. No medical attention was provided, exacerbating Claimant's injuries. Claimant was crying to employees of defendants at the precinct several times, saying that she felt her wrist was broken. Despite the above, no medical attention was provided, exacerbating her injuries.

31.    Claimant was released with an appearance ticket, at which point she was picked up by a family member and taken directly to Kenmore Mercy Hospital complaining of pain in her left wrist. X-Rays were taken, and subsequently it was determined that her left wrist had suffered a fracture. All charges and complaints resulting from the aforementioned incident were subsequently dismissed as against Claimant.

32.    That on January 20, 2023 at approximately 12:28 pm at the Location, Claimant was assaulted by POLICE OFFICER/DETECTIVE EDWIN C. BAILEY as described in more detail above.

33.    That on January 20, 2023 at approximately 12:28 pm at the Location, Claimant was subjected to excessive use force by POLICE OFFICER/DETECTIVE EDWIN C. BAILEY as described in more detail above.

34.    That on January 20, 2023 at approximately 12:28 pm at the Location, Claimant was improperly subjected to threats to use force as an intimidation tactic by POLICE OFFICER/DETECTIVE EDWIN C. BAILEY, as described in more detail above.

35.    That on January 20, 2023 at approximately 12:28 pm at the Location, Claimant was subjected to excessive use force by POLICE OFFICER SCOTT MINERVINI while he was restraining Claimant, including but not limited to use of excessive force in twisting, forcibly moving, and applying pressure to Claimant's left wrist while Claimant's wrist was behind her back pending the application of handcuffs.

36.     That on January 20, 2023 at the Location, Claimant was subjected to excessive use force by POLICE OFFICER BILLICA of the Town of Amherst Police Department ("Billica"), said officer's full name currently unavailable but as referenced on Complaint No. 23-302918, while Billica was restraining Claimant, including but not limited to use of excessive force in twisting, forcibly moving, and applying pressure to Claimant's left wrist while Claimant's wrist was in handcuffs.

37.     That on January 20, 2023 at the Location, Claimant was subjected to excessive use force by POLICE OFFICER MICHAEL TIMBLIN of the Town of Amherst Police Department ("Timblin) while POLICE OFFICER MICHAEL TIMBLIN was restraining Claimant, including but not limited to use of excessive force in and applying pressure to Claimant's left wrist while Claimant's wrist was in handcuffs.

38.     That on January 20, 2023 at approximately 12:28 pm at the Location, POLICE OFFICER SCOTT MINERVINI of the Town of Amherst Police Department observed POLICE OFFICER/DETECTIVE EDWIN C. BAILEY using excessive force as against Claimant but failed to intervene as required by applicable law and standards, contributing to and/or exacerbating Claimant's injuries.

39.     That on January 20, 2023 at approximately 12:28 pm at the Location, POLICE OFFICER BILLICA of the Town of Amherst Police Department observed POLICE OFFICER/DETECTIVE EDWIN C. BAILEY and POLICE OFFICER SCOTT MINERVINI using excessive force as against Claimant but failed to intervene as required by applicable law and standards, contributing to and/or exacerbating Claimant's injuries. Plaintiff asked the observing officers if they were just going to stand there and let the officers use excessive force on her without stopping them. The observing officers did not intervene and stop the use of excessive force.

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 14 of 48

40.    That on January 20, 2023 at approximately 12:28 pm at the Location,

POLICE OFFICER MICHAEL TIMBLIN of the Town of Amherst Police Department observed

POLICE OFFICER/DETECTIVE EDWIN C. BAILEY and POLICE OFFICER SCOTT

MINERVINI using excessive force as against Claimant but failed to intervene as required by

applicable law and standards, contributing to and/or exacerbating Claimant's injuries. Plaintiff asked

the observing officers if they were just going to stand there and let the officers use excessive force

on her without stopping them. The observing officers did not intervene and stop the use of excessive

force.

41.    That on January 20, 2023 at approximately 12:28 pm at the Location,

POLICE OFFICER DINOTO of the Town of Amherst Police Department was the supervising

officer on scene, and either used excessive force as against Claimant and or failed to intervene as

required by applicable law and standards and or failed to provide Plaintiff with the needed medical

care, contributing to and/or exacerbating Claimant's injuries. Plaintiff asked the observing officers

if they were just going to stand there and let the officers use excessive force on her without stopping

them. The observing officers did not intervene and stop the use of excessive force.

42.    That on January 20, 2023 at approximately 12:28 pm at the Location,

JOHN DOES 1-10 of the Town of Amherst Police Department either used excessive force as against

Claimant and or failed to intervene as required by applicable law and standards and or failed to

provide Plaintiff with the needed medical care, contributing to and/or exacerbating Claimant's

injuries. Plaintiff asked the observing officers if they were just going to stand there and let the

officers use excessive force on her without stopping them. The observing officers did not intervene

and stop the use of excessive force.

43.     That as a result of the aforementioned incident, Claimant sustained serious and permanent injuries to her left wrist, including but not limited to a nondisplaced, intraarticular radial styloid process fracture of Claimant's left wrist. Her injuries as a result of this include also include, but are not limited to: Left wrist catching, giving out, instability, numbness, shooting pain, pain at night, pain while sleeping, popping, snapping, stiffness, swelling, tingling and weakness; Diffuse dorsal wrist edema that extends into the hand; Volar wrist ecchymosis; Exquisite radial styloid process and distal radius tenderness; Ulnar styloid process and TFCC tenderness; Positive DRUJ tenderness; Nondisplaced fracture of the left radial styloid process; Displaced fracture of left radial styloid process; Displaced fracture of left radial styloid process; nondisplaced fracture of left radial styloid process; Fracture of the left distal radius with extension through the radial styloid process with worsening displacement of fragment; left wrist fracture.

44.     As a result of the injuries she sustained in this incident, she has had great difficulty/has been unable to do the following: Washing her body, washing her hair, taking care of her kids, cooking, cleaning, everyday tasks; limitations on the range of motion in her injured areas; putting pressure on her injured areas, bending her injured areas; touching things, bending her injured areas down, squeezing things, lifting things, holding her children certain ways, opening up jars, cups, bottles, coffee cups, and driving with both hands, including but not limited to, carrying things generally.

45.     The incident caused the Plaintiff to be seriously injured.

46.     By reason of the aforesaid occurrence, the Plaintiff sustained severe, painful and permanent injuries in and about her body, including, but not limited to, the above mentioned areas, all of which were and are severe, painful and permanent in nature including, shock to the nerves and nervous system, circulatory system, traumatic injuries to nerves, tendons and muscular

system with resultant impairment and/or loss of use of normal functions; was otherwise rendered sick, sore, lame and disabled and prevented her from performing her usual activities for a period of time subsequent to this incident, and has incurred, and may suffer and sustain loss of earnings and/or loss of future earning potential and/or capacity; has caused, or may incur, hospital expenses, medical expenses, physical therapy and/or rehabilitation and counseling expenses and/or other similar types of expenses as to past, present or future, as would relate to the care, treatment and attempted cure of the injuries sustained and/or the residual effects thereof; has been deprived of the ability to enjoy the life and lifestyle that she was able to participate in and enjoy prior to the happening of this incident, and has been caused to suffer emotional upset, anxiety and depression as a result of the pain and suffering associated with the injuries as to the past, present and, upon information and belief, into the future; and together with any other special and general damages as may manifest themselves subsequent to the date of this Complaint.

47.    The Plaintiff also makes a claim for any and all medical expenses incurred as to her care, treatment and attempted cure of the injuries sustain and/or the residual effects of the same herein as to the past, present, and or future.

**AS AND FOR A SEPARATE
AND DISTINCT CAUSES
OF ACTION AGAINST DEFENDANTS:**

**1.      NEGLIGENCE:**

48.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

49.    That upon information and belief, the defendants were negligent, reckless, careless, willful, and wanton in injuring Plaintiff as described above, resulting in serious and permanent bodily injuries to the Plaintiff.

50.     As a result of the negligence of the defendants, the Plaintiff was injured internally, externally, and permanently in and about the face, head, back, chest, shoulders, limbs, torso, and nervous system, so that she became and will continue to be disabled and will continue to suffer pain and discomfort, distress, and psychological adjustment.

51.     That the Plaintiff was at all times, using due care.

52.     That by reason of said injuries, the Plaintiff required the services of physicians, surgeons, nurses, hospitals, and medicines and will continue to incur such expenses in the future; that as a result of the aforesaid injuries and the resulting disabilities, said Plaintiff was incapacitated from her normal activities, may be incapacitated in the future, and as a result of the aforesaid injuries, the future earning capacity of said Plaintiff, has been partially and/or permanently impaired, and as a result of the aforesaid, the plaintiff was otherwise damaged.

53.     The above mentioned incident and the injuries and damages occurring therefrom occurred by reason of the fault, neglect, and carelessness of the defendants, their agents, servants, and/or employees. The negligence of the defendants, their agents, servants and/or employees includes but is not limited to:

-       the defendants exercised their authority in an intentionally malicious and careless manner causing serious and permanent injuries and/or damages to the Plaintiff;

-       the defendants, their agents, servants and/or employees were negligent, wanton and reckless in failing to properly supervise their employees;

-  they allowed their employees and agents to subject Plaintiff to physical contact without cause or provocation, thus creating a dangerous or hazardous condition, which they knew, or in the exercise of reasonable care, existed for a period of time prior to the incident;

-  that they failed to properly supervise their employees and the participating officers in their activities;

-  in hiring employees they knew or should have known to be incompetent, unskilled, inexperienced, and with violent propensities;

-  that the above named officers/employees were incompetent, unskilled and possessed obvious violent propensities;

-  that the violent propensities of the above named officers/employees were known to defendants;

-  in failing to properly train their employees and enforce proper and adequate rules of conduct;

Case 1:23-cv-01084-LJV-HKS    Document 1-3    Filed 10/14/23    Page 19 of 48

- the above conduct of the defendants were committed by a person acting under color of state law; and their conduct deprived the Plaintiff of her rights, privileges, and immunities secured by the Constitution and laws of the United States;

- their actions violated the Plaintiff's Fourth Amendment, Eighth Amendment, including but not limited to Fourteenth Amendment Rights and was an unreasonable and excessive use of force by police officers in the course of an arrest; and their actions were not objectively reasonable;

- the defendants used the above force purposely and knowingly, and the force used on her was objectively unreasonable **(Kingsley v. Hendrickson, 576 U.S. 389)**;

- the defendants' used excessive force because they gratuitously inflicted pain on the Plaintiff in a manner that was not reasonable in response to the circumstances;

- a reasonable jury would find that the officers acted not only unreasonably, but that they were plainly incompetent and knowingly violated the law by gratuitously inflicting pain on the Plaintiff over an extended period of time;

- they failed in their affirmative duty to intervene to protect the constitutional rights of the Plaintiff from infringement by the other law enforcement officers in their presence and the officers observed and had reason to know that excessive force was being used on the Plaintiff, that the Plaintiff was being unlawfully arrested; and that a constitutional violation was being committed by the other law enforcement officers;

- that upon information and belief, at all times hereinafter mentioned, defendants, through their employees, agents, servants and contractors, failed/delayed in rendering medical evaluation and attention to the Plaintiff;

- that upon information and belief, at all times hereinafter mentioned, defendants through their employees, agents, servants and contractors, failed/delayed to provide adequate and essential medical evaluation and care and treatment to the Plaintiff; they failed to address the Plaintiff's serious medical needs;

- the defendants acted with deliberate indifference to the Plaintiff because she was in need of medical care and they failed, or refused to, and or delayed to obtain such care;

- the defendants failed to protect the Plaintiff from health problems that were sufficiently imminent and sure or very likely to cause him serious injuries and needless suffering;

- that by reason of the carelessness, negligence and recklessness and medical malpractice of the defendants through their employees, agents, servants and contractors, in the medical care and treatment and services rendered to and for Plaintiff, the Plaintiff was caused to suffer severe and great bodily injury with accompanying pain and suffering and sustained bodily and emotional injuries of a permanent nature;

- that the policies and procedures, and the willful and wanton conduct of defendants, their agents, servants and employees, reflect a reckless and careless disregard and deliberate indifference for the rights of the Plaintiff to receive proper and adequate medical evaluation and attention so as to merit an award of damages against defendants; including but not limited to,

- the municipal respondents were liable under a theory of respondeat superior for the above actions, including but not limited to, the arrest and battery of the Plaintiff.

54. That defendants affirmatively created the dangerous and defective condition described herein, that included but is not limited to, placing the defendant employees, in a position

to cause foreseeable harm to the Plaintiff (to be assaulted), that the Plaintiff would have been spared had they used reasonable care in making their decision regarding the hiring and retention of the aforementioned defendant employees.

55.     That the defendants herein had actual and constructive knowledge of the defective condition described above and in paragraph 53 above.

56.     That the defendants had subjective and objective knowledge of the defendant employees involved in the within incident propensity for conduct that caused the Plaintiff's injuries, and that deficient training and supervision was the proximate cause of the Plaintiff's injuries.

57.     That the conduct of all of the defendants herein amounted to more than mere negligence, and instead, amounted to deliberate indifference to the Plaintiff's safety.

58.     That the defendants provided grossly inadequate care and, in fact, took no measures to provide for Plaintiff's safety for an unreasonable and inordinate period of time.

59.     That the negligence of the defendants, and his resultant injuries, produced physical injury to the Plaintiff.

60.     That as a result of the foregoing, the Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 23 of 48

## 2.    RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

61.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

62.     That on or about January 20, 2023, the defendant TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, were responsible for the training, supervision, and actions of the defendant officers.

63.     On or about January 20, 2023, the defendant officers were acting within the scope of their employment with the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT.

64.     That said tortuous conduct above described and blatant disregard for the safety of the Plaintiff, committed by the defendant officers on the aforesaid date was ratified by the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, and was in furtherance of purposes and aims of the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT.

65.     That the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT were willful, wanton, reckless and negligent in employing defendant officers.

66.     The defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT are liable under a theory of respondeat superior for the claims alleged in this Complaint.

67.     That by reason of the foregoing, Plaintiff suffered severe, painful, permanent and personal injuries; was rendered sick, sore lame and disabled, and has suffered a loss of enjoyment and quality of life.

### 3.   **NEGLIGENT HIRING:**

68.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

69.     That on or about January 20, 2023, the defendant officers were employees, contractors, and agents of defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT.

70.     That the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, owed a duty to the Plaintiff to ensure the competence of their employees including the defendant officers, and by using reasonable care in selecting and hiring its employees such as the defendant officers; they had a further duty of care to investigate the background of its officers, and review their backgrounds, competency, temperament, and propensity for violence, especially in light of the particular risk or hazard that the breach of that duty imposed to the public.

71.     That the incompetency, temperament, and propensity for violence of the defendant officers was known or should have been known to the defendants at the time of their hiring.

72.     That TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT failed to take reasonable steps to ascertain whether or not the defendant officers were emotionally capable of performing such duties and did not have a propensity towards violence, or overreaction to situations that they were likely to encounter or administer, or well known standardized tests to ascertain the defendant employees personalities.

73.     That the failure of defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, to investigate the negligent hiring and retention and supervision of the defendant officers and other employees placed them in a position to commit

foreseeable harm and was the proximate cause of the tortuous acts committed upon Plaintiff and the damaged suffered by the Plaintiff on account of such acts; they breached their duty to use reasonable care in employment, training and supervision of its employees to find out whether they were competent to do their work without danger of harm to others; they failed in their duty because they knew or should have known that their employees were incompetent and/or had vicious propensities; a bad disposition; and/or were given to horseplay; and they failed to use reasonable care to correct or remove them; and they failed in that duty because they knew of facts that would lead a reasonably prudent person to conduct an investigation which could have uncovered the information about the employees and failed to do so; they placed the defendant employees in a position to cause the foreseeable harm to the Plaintiff that most probably would have been spared had they use reasonable care in making decisions regarding the hiring and retention of them.

74.    That by reason of the foregoing, the Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

### 4.    NEGLIGENT RETENTION:

75.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

76.    That on or about January 20, 2023, the defendant officers were employees, contractors, and agents of defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT.

77.    That the defendant TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT owed a duty to the Plaintiff to ensure the competence of their officers including the defendant officers, and by using reasonable care in selecting and hiring its employees

such as the defendants officers; they had a further duty of care to investigate the background of its

officers, and review their backgrounds, competency, temperament, and propensity for violence,

especially in light of the particular risk or hazard that the breach of that duty imposed to the public.

78.     That the incompetency, temperament, and propensity for violence of of the

defendant officers  was known or should have been known to the defendants at the time of their

hiring, training, retention, and supervision.

79.     That the failure of defendants TOWN OF AMHERST and TOWN OF

AMHERST  POLICE DEPARTMENT to investigate the negligent hiring and retention  and

supervision of the defendant officers and other employees, placed them in a position to commit

foreseeable harm and was the proximate cause of the tortuous acts committed upon Plaintiff and the

damaged suffered by the Plaintiff on account of such acts; they breached their duty to use reasonable

care in the employment, training and supervision of its employees to find out whether they were

competent to do their work without danger of harm to others; they failed in their duty because they

knew or should have known that their employees were incompetent and/or had vicious propensities;

a bad disposition; and/or were given to horseplay; and they failed to use reasonable care to correct

or remove them; and they failed in that duty because they knew of facts that would lead a reasonably

prudent person to conduct an investigation which could have uncovered the information about the

employee and failed to do so; they placed the defendant employees in a position to cause the

foreseeable harm to the Plaintiff that would most probably would have been spared had they use

reasonable care in making its decision regarding the hiring and retention of them.

80.     That when the incompetency, temperament and propensity for violence of the defendant officers was known or should have been known to the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, herein, they continued to be employed by them.

81.     That by reason of the foregoing, the Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

### 5.     NEGLIGENT TRAINING AND SUPERVISION:

82.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

83.     That on or January 20, 2023,  defendant officers  were employees, contractors, and agents of TOWN OF AMHERST and TOWN OF AMHERST  POLICE DEPARTMENT.

84.     That the defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT owed a duty to the Plaintiff to ensure the competence of their employees including the defendant officers, and by using reasonable care in selecting and hiring its employees such as the  defendant employees; they had a further duty of care to investigate the background of its employees, and review their backgrounds, competency, temperament, and propensity for violence, especially in light of the particular risk or hazard that the breach of that duty imposed to the public and on inmates.

85.     That when the incompetency, temperament and propensity for violence of the defendant employees  was known or should have been known to the defendants TOWN OF

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 28 of 48

AMHERST and TOWN OF AMHERST POLICE DEPARTMENT herein at the time of their hiring.

86.    That defendants TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT failed to take reasonable steps to ascertain whether or not the defendant employees were emotionally capable of performing such duties and did not have a propensity towards violence, or overreaction to situations that they were likely to encounter or administer, or well known standardized tests to ascertain the defendants defendant employees personalities.

87.    That the failure of TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, to investigate the negligent training and supervision of the defendant officers and other employees placed them in a position to commit foreseeable harm and was the proximate cause of the tortuous acts committed upon Plaintiff and the damages suffered by the Plaintiff on account of such acts.

88.    That by reason of the foregoing, the Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

**6.    VIOLATION OF FEDERAL CIVIL RIGHTS MUNICIPAL LIABILITY: 42 U.S.C. § 1983**

**INDIVIDUAL DEFENDANTS:**

89.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein. Specifically, the Plaintiff incorporates by reference the factual background section herein by reference. Within the same, the Plaintiff outlines the personal involvement of each officer in this incident.

**MONELL CLAIM-TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT**

90.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

91.     At all times hereinafter mentioned, the defendant employees were on duty as police officers employed by the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT.

92.     That said defendants were acting under the color of state law, and their conduct did cause the deprivation of Plaintiff's Constitutional rights by failing to provide an environment free from harm; that included but was not limited to, seizing, beating, and assaulting the Plaintiff.

93.     That upon information and belief, prior to the incident described herein, the defendants had notice of the defendant employees pattern and practice of using unconstitutionally excessive force and assaults against other civilians in the course of an unlawful arrest and members of the public while in their capacity as police officers.

94.     That upon information and belief, prior to the incident described herein, the defendants had received complaints and service of prior lawsuits that the defendant employees engaged in a pattern and practice of using unconstitutionally excessive force assaulting civilians in the course of unlawful arrests and members of the general public in the course of their duties as police officers.

95.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to fail to adequately train and supervise its employees relating to the use of force.

96.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to overlook, excuse, and disregard unprovoked acts of violence by its employees in the course of their duties as police officers.

97.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to tolerate the indiscriminate use of excessive force against civilians in the course of unlawful arrests without reference to a reasonable use-of-force continuum and without consideration of recourse to less deadly uses force.

98.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to tolerate and encourage the use of excessive force and assault in dealing with civilians in the course of unlawful arrests in the course of their duties as police officers.

99.     The defendants' policies, customs, and practices of overlooking and approving excessive uses of force in general were the proximate causes of the violation of the Plaintiff's rights herein pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in addition to 42 U.S.C. Section 1983.

100.     Upon information and belief, overlooking, excusing, or disregarding the wrongful conduct of the defendants herein, have adopted a rule or unwritten rule, or defendants have established a policy or custom of deliberate indifference to unlawful conduct as complained of herein.

101.     The defendants' failure to take measures to train and supervise its police officers in the use of force, and to curb assaults on civilians in the course of unlawful arrests was a proximate cause of the violations alleged in the complaint herein.

102.    The excessive force used by the defendants constituted cruel and unusual punishment; the amount of force used was not applied in a good faith effort to maintain or restore discipline and was maliciously and sadistically applied to cause harm to the Plaintiff; in applying excessive force, the defendants subjectively knew that the Plaintiff faced a substantial risk of harm and they recklessly disregarded that risk; that the deprivation was objectively sufficiently serious as to be actionable; the defendants had knowledge that the Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm; including but not limited to the defendants acted with deliberate indifference to the Plaintiff's health and safety.

103.    The defendants violated the Plaintiff's Fourth Amendment rights to be free from the unreasonable and excessive use of force by a police officer in the course of an unlawful arrest. The defendants actions constituted excessive force when considering the nature and severity of the crime leading to the arrest, the Plaintiff did not pose an immediate threat of safety of the officers involved or others, and he was not actively resisting arrest or attempting to evade the arrest by flight. The officers gratuitously inflicted pain in a manner that was not reasonable in response to the circumstances.

104.    That all enumerated defendants were acting under color and authority of the Law, and were acting in a capacity as agents, servants and employees of defendants.

105.    That the entire course of conduct of defendants as enumerated above was in violation and deprived the Plaintiff of her Federally secured Constitutional rights and the rights contours were sufficiently definite that any reasonable official in the defendants shoes would have understood that they violated it.

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 32 of 48

106.    The defendants executed a government policy or custom and acts that may fairly be said to represent an official policy, that inflicted the Plaintiff with her injuries. The policies were memorialized in specific rules and regulations. The defendants' constitutional violations that led to the Plaintiff's injuries were so persistent and widespread and were so permanent and well settled as to constitute a usage with the force of law. The above policies and customs that caused the Plaintiff's injuries violated federal and state law and resulted in the tortious violation of the Plaintiff's rights.

107.    The Deprivation of Plaintiff's constitutional rights outlined herein were caused in party by a TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT governmental custom, policy, and usage. The policy and custom mentioned above is demonstrated through a pattern of similar incidents and inadequate responses to those incidents.

108.    The examples below show acquiescence by the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT in a well settled custom, in other words they knew and should have known of similar unlawful conduct in the past and did not take corrective action/respond appropriately to prevent this incident. The TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT knew of the custom and acquiesced in it. The following examples are not exhaustive and Plaintiff reserves her right to supplement below:

-   Kelly Rados v. Ryan M. Conrad, James T. Caputi, Timothy J. Wilson and Officer Schraufstetter, individually and in their official capacity as employees of the Town of Amherst Police Department 9/8/2023 1:23 cv 945 (Buffalo):Civil rights. The defendant police officers handcuffed plaintiff's wrists behind her back, despite the fact that she had a neck injury and requested to have the handcuffs put on in front of her. They threw her in the

back of their police vehicle, causing further pain and damage to her back and neck, and ignored her screams of pain as they drove her to the police station;

- <u>Brian Evans v. Town of Amherst: Index number: 800149/2017</u>: Alleging that Amherst Police Officers accosted Plaintiff and negligently and carelessly accosted Plaintiff as a result of lack of judgement or discretion inflicting upon the Plaintiff an unjustifiable injury;

- <u>Orens v. Amherst Police Dep't, 2022 U.S. Dist. LEXIS 175030</u>: A claim under 42 U.S.C.S § 1983 alleging violation of claimant's constitutional rights by detaining and incarcerating him based on an invalid arrest warrant;

- <u>Ricks v. Brown, 2023 U.S. Dist. LEXIS 25799</u>: On January 10, 2020, the plaintiff, Keyontay Ricks, commenced this action under 42 U.S.C. § 1983 for, among other things, malicious prosecution and wrongful imprisonment;

- <u>Stevens v. Town of Amherst, 2016 U.S. Dist. LEXIS 23850:</u> Plaintiff alleges that on February 18, 2015, during a "medical event," officers from the Town of Amherst police department arrested her and denied her access to medical care;

- _Lyman v. Town of Amherst, 74 A.D.3d 1842_ Plaintiff commenced this action seeking damages for false arrest and imprisonment, as well as malicious prosecution, resulting from his arrest;

- _Cassenti v. Town of Amherst, 2016 U.S. Dist. LEXIS 42539_ On November 16, 2012, Plaintiff Christopher Cassenti ("Plaintiff" or "Cassenti"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants, including the Town of Amherst ("Town"), and Officers of the Town of Amherst Police Department John Does 1-5, John F. Fiore, and Brian E. Kern (together, "Defendants"), subjected Plaintiff to unnecessary force in connection with Plaintiff's arrest on August 19, 2011;

- _John Nowak v. Town of Amherst: Index No: 806782/2020_: unlawful arrest and excessive force claim;

- _Albert Young II of Wyoming County incident around January 26, 1991_, alleged that the Amherst Police used excessive force and showed some degree of racial prejudice in stopping three black Buffalo residents in what police thought was a stolen car;

- Landow v. Town of Amherst, 49 A.D.3d 1236: Plaintiff sued defendant town, seeking damages for false arrest, false imprisonment, and malicious prosecution resulting from his arrest and subsequent criminal prosecution for obstructing governmental administration;

- Alan Shawni v. Town of Amherst: Index No: 813155/2019: Excessive force, claim;

- Internal Complaint regarding Amherst Officer ████████ on or about April 23, 2019: A complaint alleging the above named officer grabbed a suspects chest, pulled him out of a car, slammed him to the ground, and that four officers kneed him in the face when they were putting him in handcuffs, and also touched his private parts while putting him in handcuffs;

- Internal Complaint regarding Amherst Officer ████████ on or about February 1, 2018: A complaint alleging the above named officer kicked and damaged a door during an investigation;

- Internal Complaint regarding Amherst ████████ on or about February 21, 2018: A complaint alleging the above named officer assaulted a suspect and threw him 10 feet across the room;

-   <u>Internal Complaint regarding Amherst Officer</u> ██████ <u>on or about</u>

    <u>November 21, 2017:</u> A complaint alleging actions delaying a victim receiving

    medical care;

109.    As stated above, the alleged constitutional violations herein were caused in

part (in addition to the other allegations herein) by and occurred pursuant to an official custom or

policy of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, that

includes but is not limited to their use force Policy.

An explanation of their use of force policy can be found at the following

link: https://www.amherst.ny.us/pdf/police/220428_use_of_force_policy.pdf.

110.    Based on a review of the above link, upon information and belief, the above

mentioned policy is  unconstitutional for the following reasons: It is too general; it does not

specifically address the proper handling of situations that are the same/similar to this incident; it does

not specifically address handling situations where a non suspect comes to the scene to collect a

vehicle; it does not specifically address policy and procedure regarding  pushing/shoving/throwing

someone; it does not specifically address policy and procedure regarding the amount of force used

when handcuffing a suspect; it does not specifically address policy and procedure regarding

providing a suspect with appropriate medical care. Plaintiff reserves her right to amend and

supplement this section. Upon further information and belief, the above mentioned use of force

policy was not appropriately reviewed and revised pursuant to Executive Order 203, New York State

Police Reform and Reinvention Collaborative.

111.    That as a result of the foregoing, the Plaintiff has sustained general and special

damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise

have jurisdiction.

112.    That the Plaintiff is entitled to an award of attorneys fees for the prosecution
of the within action.

### 7.    ASSAULT:

113.    Plaintiff repeats and restates the allegations contained in the foregoing
paragraphs of this Complaint as if the same were more fully set forth herein.

114.    On  January 20, 2023,  the Plaintiff was unlawfully arrested by the above
named defendants.

115.     That the defendant officers  intentionally made physical contact with the
Plaintiff, beating her, and causing serious injuries and damages.

116.    That by the conduct described above,  the defendant employees
intended to  cause the Plaintiff apprehension that harmful, injurious and offensive bodily contact
would occur.


117.    That the conduct aforementioned did in fact cause the Plaintiff apprehension
that  harmful, injurious, and offensive bodily contact would occur.

118.    That the defendant officers, while acting in the scope of their authority as
employees of the TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT
defendants, through their training, experience, and possession of dangerous weapons, did in fact have
such capability to cause the harmful, injurious, and offensive bodily contact to the Plaintiff herein.

119.    That the conduct of the defendant officers was without just cause
or  provocation, and the Plaintiff did not consent to such conduct. The defendant officers
intentionally caused the Plaintiff to become concerned that they were about to cause harmful or
offensive bodily contact; they had a real and apparent ability to bring about the harmful and offensive

contact; and the defendants not only made offensive contact with the Plaintiff, but performed a menacing act or gesture that caused the Plaintiff to believe that a harmful or offensive imminent bodily contact was about to occur before it did.

120.    That by reason of the foregoing, the Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

## 8.    BATTERY:

121.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

122.    On January 20, 2023, the Plaintiff was unlawfully arrested by the above named defendants.

123.    That the defendant employees, intentionally made physical contact with the Plaintiff, beating her, and causing serious injuries and damages.

124.    The defendant employees  intended to subject the Plaintiff to harmful, injurious, and offensive bodily contact.

125.    They did, in fact, subject the Plaintiff to harmful, injurious, and offensive bodily contact.

126.    That the physical contact perpetrated by the defendant  employees was  without just cause, without provocation, and the Plaintiff did not consent to such physical contact. The force used against the Plaintiff was grossly excessive and patently unreasonable under the circumstances.

127.    The defendant employees intentionally touched the Plaintiff, without her consent, and caused offensive bodily contact; their intention in causing bodily contact to the

Plaintiff is one that a reasonable person would find offensive; the contact was one that was done for the purpose of harming the Plaintiff and offended her reasonable sense of personal dignity and was one that was otherwise wrongful; the contact also caused physical pain and illness and interfered with the condition of his body.

128.    The amount of force used by the officer defendants was excessive and they did not have a reasonable belief that the amount of force they used was necessary to make the unlawful arrest and to prevent the Plaintiff's escape. The physical force used by the officers was intentional and was not reasonably necessary under the circumstances. Considering the circumstances at the time and place of this incident, it was not reasonable for the officers to believe the Plaintiff was resisting arrest or attempting to escape and they were not justified in using force.

129.    Since the officers arrest of the Plaintiff was unlawful, any use of force against the Plaintiff was assault and battery, regardless of whether the force would be deemed reasonable if applied during a lawful arrest, the Plaintiff alleges her arrest was not lawful.

130.    That by reason of the foregoing, the Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

## 9.    BATTERY COMMITTED IN THE PERFORMANCE OF A PUBLIC DUTY:

131.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

132.    On January 20, 2023, the Plaintiff was unlawfully arrested by the above named defendants.

133.    That the defendant employees while employed and acting in their official and individual capacity, intentionally made physical contact with the Plaintiff, beating him, and causing serious injuries and damages.

134.    The defendant employees intended to subject the Plaintiff to harmful, injurious, and offensive bodily contact.

135.    They did, in fact, subject the Plaintiff to harmful, injurious, and offensive bodily contact.

136.    That the physical contact perpetrated by the defendant employees was without just cause, without provocation, and the plaintiff did not consent to such physical contact. The force used against the Plaintiff was grossly excessive and patently unreasonable under the circumstances.

137.    The defendant employees intentionally touched the Plaintiff, without her consent, and caused offensive bodily contact; their intention in causing bodily contact to the Plaintiff is one that a reasonable person would find offensive; the contact was one that was done for the purpose of harming the Plaintiff and offended her reasonable sense of personal dignity and was one that was otherwise wrongful; the contact also caused physical pain and illness and interfered with the condition of her body.

138.    That by reason of the foregoing, the Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

139.    That given the defendant employees were acting in their official and individual capacities, and performing duties related thereto, they are additionally liable for battery committed in the performance of their public duty.

### 10.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

140.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

141.    On January 20, 2023,  the Plaintiff was unlawfully arrested by the above named defendants.

142.    Thereafter,  the defendant employees while employed and acting in their individual and official capacity, intentionally made physical contact with the Plaintiff, beating her, and causing serious injuries and damages.

143.    That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency.  That there was no justification or reason for the aforementioned conduct of defendants.

144.    That by their conduct and under circumstances known to them, defendants intended to cause such severe emotional distress, and such conduct made it substantially certain that such distress would follow.

145.    That by their conduct, and under circumstances known to them, defendants acted recklessly and with utter disregard to the consequences of their actions; their conduct was extreme and outrageous; their intention was to cause and disregard of a substantially possibility of causing severe, emotional distress.

146.    That the aforementioned conduct of defendants directly and proximately caused the Plaintiff's severe emotional injury and distress. There is a direct causal connection between the conduct and the Plaintiff's injuries.

## 11.    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

147.   Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

148.   On January 20, 2023, the Plaintiff was unlawfully arrested by the above named defendants.

149.   That the defendant employees while employed and acting in their individual and official capacity, intentionally made physical contact with the Plaintiff, beating her , and causing her serious injuries and damages.

150.   That by reason of the aforesaid conduct and actions of defendants, Plaintiff feared for her personal safety.

151.   That Plaintiff did not consent to the commission of the aforesaid conduct by the defendants.

152.   That the conduct of the defendants was not otherwise just, authorized, or privileged.

153.   That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency.

154.   That the aforementioned conduct of defendants directly and proximately caused the Plaintiff's severe emotional injury and distress.

## 12.    FAILURE TO INTERVENE:

155.   Plaintiff repeats and reiterates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

156.   On January 20, 2023, the Plaintiff was unlawfully arrested by the above named defendants.

INDEX NO. 811825/2023
Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 43 of 48
RECEIVED NYSCEF: 09/18/2023

157.    That the defendant employees while employed and acting in their individual and official capacity, intentionally made physical contact with the Plaintiff, beating her, and causing serious injuries and damages.

158.    That while the defendant employees were assaulting and battering the Plaintiff, at the same time, employees were within a few feet of the assault sufficient to constitute direct contact between Plaintiff and defendants.

159.    That by their conduct, these defendants assumed a duty to protect Plaintiff from the striking, battering and assault by the defendants.

160.    That said defendants knew Plaintiff would suffer harm if they did not take timely action to protect her.

161.    That said defendants did not take any steps to protect the Plaintiff from the assault, in fact such individuals stood idly by and watched as plaintiff was repeatedly struck.

162.    That Plaintiff reasonably relied upon the officers assumption of duty that they would protect her from an assault by defendant. The defendants failed to fulfil their affirmative duty to intercede on behalf of the plaintiff when they witnessed other officers maliciously beating her.

163.    The officers breached their affirmative duties to intervene to protect the constitutional rights of the Plaintiff from infringement by other law enforcement officers in their presence.

164.    The officers failed to intercede and are liable for the preventable harm sustained by the Plaintiff caused by the actions of other officers where the officers observed or had reason to know that excessive force was being used, that the Plaintiff was being unlawfully arrested, and that constitutional violations were being committed by the other officers.

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 44 of 48

165.    That by reason of the foregoing, Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

### 13.    UNLAWFUL ARREST:

166.    Plaintiff repeats and reiterates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

167.    That on January 20, 2023, Plaintiff was lawfully present, in the Town of Amherst, New York. Thereafter, defendants, while employed by and acting in their individual and official capacity as police officers with defendant TOWN OF AMHERST and TOWN OF AMHERST POLICE DEPARTMENT, intentionally made contact with Plaintiff as described above.

168.    That during the time aforementioned, defendant officers intended to confine and detain the Plaintiff to the area where they struck, assaulted, and battered the Plaintiff.

169.    Defendant officers did indeed prevent, confine and detain the Plaintiff from leaving the area where the assault and battery occurred.

170.    Said confinement was accomplished by defendant officers through both physical and verbal means.

171.    That Plaintiff was aware of said confinement, and did not consent to same.

172.    That said confinement was without just cause or provocation, and was not otherwise privileged.

173.    The defendant officers intended to confine the Plaintiff, the Plaintiff was conscious of the confinement and did not consent to it, and the confinement was not privileged.

Case 1:23-cv-01084-LJV-HKS   Document 1-3   Filed 10/14/23   Page 45 of 48

174.    That by reason of the foregoing, Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

### 14.    FAILURE TO TREAT-AND NY CIVIL RIGHTS LAW SECTION 28 CLAIM:

175.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

176.    That upon information and belief, at all times hereinafter mentioned, defendants hired employees, agents, servants and contractors that held themselves out as duly qualified to render proper and adequate medical treatment and services, including providing physical examinations and medical care to those persons under the care and custody of the defendants, including Plaintiff.

177.    That upon information and belief, at all times hereinafter mentioned, defendants, through their employees, agents, servants and contractors, failed to render medical evaluation and attention to the Plaintiff.

178.    That upon information and belief, on January 20, 2023 , defendants, through their employees, agents, servants and contractors, failed to provide adequate and essential medical evaluation and care and treatment to the Plaintiff; they failed to address the Plaintiff's serious medical and mental health needs; they acted with deliberate indifference to the Plaintiff because she was in need of medical care and they failed, or refused to, obtain such care; they failed to protect her from health problems that were sufficiently imminent and sure or very likely to cause her serious illness and needless suffering.

179.    That by reason of the carelessness, negligence and recklessness and medical malpractice of the defendants through their employees, agents, servants and contractors, in the medical care and treatment and services rendered to and for Plaintiff, Plaintiff was caused to suffer severe and great bodily injury with accompanying pain and suffering and sustained bodily and emotional injuries of a permanent nature.

180.    That the policies and procedures, and the willful and wanton conduct of defendants, their agents, servants and employees, reflect a reckless and careless disregard and deliberate indifference for the rights of the Plaintiff to receive proper and adequate medical evaluation and attention so as to merit an award of damages against defendants.

181.    That the defendants' actions indicate a willful misconduct, wantonness and want of care which have raised the presumption of conscious indifference to the consequences to Plaintiff, thus entitling Plaintiff to an award of damages.

182.    That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## 15.    CONSPIRACY:

183.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

184.    That defendants, together with their agents, servants and/or employees acted within their capacities and of their color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of contact that violated the Plaintiff's civil rights to wit:

A.    The defendants agreed and acted with others to bear, threaten, use excessive force intimidate and terrorize the Plaintiff; and;

B.     The defendants agreed and acted with others to make physical contact with the Plaintiff for exercising her constitutionally protected rights.

185.     As a direct and proximate cause of the result of the conspiracy between the defendants and others as aforesaid, Plaintiff was deprived of her constitutional rights as outlined herein.

186.     Upon information and belief, the amount of damages sought by the Plaintiff against the defendants in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff seeks damages against the defendants in an amount to be proven and determined at the trial of this action.

## 16.     DEMAND FOR PUNITIVE DAMAGES

187.     The actions of the defendants herein were extreme and outrageous, and shock the conscience of a reasonable person.  Consequently, an award of punitive damages is appropriate to punish the defendants for their deliberate indifference and malice towards the Plaintiff and her rights as outlined above.

188.     As such, Plaintiff demands judgment against defendants in an amount to be determined at trial.

*WHEREFORE*, the plaintiff respectfully the following forms of relief:

A)     Compensatory and special damages against the defendants and each of them jointly and severally, in an amount to be determined at trial;

B)     Punitive Damages against all individual defendants in an amount to be determined by a properly instructed jury;

C)     Costs, disbursements, and attorneys' fees as stated above;

D)     Interest on the aforementioned judgments;

E)     Jury trial; and

Case 1:23-cv-01084-LJV-HKS Document 1-3 Filed 10/14/23 Page 48 of 48

F)      Such other and further relief that the Court deems just and proper.

Dated:      September 12, 2023
            Hamburg, New York


                              **SHAW & SHAW P.C.**


                              _____
                              Blake Zaccagnino
                              Attorneys for Plaintiff
                              4819 South Park Avenue
                              Hamburg, New York 14075
                              (716) 648-3020 Telephone
                              (716) 648-3730 Fax